**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**GEORGE W. HUMPHRIES IV**                                            **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:16-cv-208-TSL-RHW**
**MADISON COUNTY,**
**MADISON COUNTY SHERRIFF'S DEPARTMENT,**
**SHERIFF RANDALL TUCKER,**
**officially and in his individual capacity,**
**OFFICER GREG WALTERS,**
**OMNI INDEMNITY COMPANY,**
**AND JOHN DOES 1-10**                                            **DEFENDANTS**

---

**AMENDED COMPLAINT**
**JURY HEREBY REQUESTED**

---

**COMES NOW**, the Plaintiff, GEORGE W. HUMPHRIES IV, in the above styled

and numbered civil action, by and through his counsel of record, Daniel D. Ware, avers

and files this his Amended Complaint and hereby sets for the following:

---

**PARTIES**

---

1.  The Plaintiff is an adult resident citizen residing in Pearl River County,

    Mississippi.

2.  Defendant, Madison County, Mississippi, is a political body of Mississippi

    and was at all times subject to the matter complained of herein and was

    served with proper notice under the Mississippi Tort Claims Act and may

    be served with process through Ronny Lott, Chancery Clerk and Clerk of

    the Madison county Board of Supervisors, in Canton, Mississippi.

3.  That Defendant, Madison County Sheriff's Department is a political body

of Mississippi and was at all times subject to the matter complained of herein and was served with proper notice under the Mississippi Tort Claims Act and can be served with private service of process by serving the Chancery Clerk of Madison County, Ronny Lott, in Canton, Mississippi.

4.      That Defendant, Randell Tucker, officially and in his individual capacity, is an adult resident of Madison County, Mississippi, and may be served with private process of this Court.

5.      That Defendant, Greg Walters is an adult resident citizen of Madison County, Mississippi and may be served with private process of this court.

6.      That based upon information and belief, the Defendant, Omni Indemnity Company, is an insurance company organized under the laws of the State of Illinois, and doing business in Mississippi, which may be served with process by service upon U.S. Corporation Company, 5760 I-55 North, Suite 150, Jackson, MS 39211.

7.      Defendants John Does 1-10 are any persons who participated, involved and/or acted in any way in making false accusations, false arrest, malicious prosecution, unlawfully detaining or other causes of action against the Plaintiff during and after his stop who are agents, violations of constitutional rights, employees and/or representative of any of the above named Defendants whose identities are unknown at this time, and who may be served with process according to court rules.  Plaintiff reserves the right to identify or change the identity of these additional Defendants

2

based upon discovery.

8.     At all times relevant hereto the Defendants, acting individually and in

concert with each other, as set forth herein below, acted unreasonably

and with deliberate indifference to, and in reckless disregard for the

constitutional rights and civil rights of Plaintiff, and thereby did inflict,

allow to be inflicted and failed to prevent the infliction of injuries suffered

by Plaintiff, all accomplished under color of law, and the Defendants are

therefore liable unto Plaintiff for the acts and omissions set out herein.

9.     The injuries to Plaintiff, in addition to the deliberate acts pleaded herein,

were readily foreseeable by each Defendant as the obvious consequence

of their deliberate actions.  In other words at all times pleaded herein it

was clearly obvious to all Defendants that the harm which occurred to

Plaintiff, would occur sooner or later to a citizen of Madison County,

absent remedial action on the part of the Madison County Sheriff's

Department, acting through its agents the Defendants herein, who,

despite their knowledge failed to act.

10.    Whenever and wherever reference is made in this complaint to any act by

a Defendant and/or Defendants, such allegations and references shall also

be deemed to mean the acts and failures to act of each Defendant acting

individually, jointly, and/or severally.

3

## JURISDICTION AND VENUE

11.   This Court has subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1331 (Federal Question) and 28 U.S.C. 1343(a)(3) (Civil Rights), the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and due to supplemental jurisdiction over the state law claims, and personal jurisdiction as the Defendants are residents or entities located within the jurisdiction of this Court.

12.   Venue in this case is proper in this Court pursuant to 28 U.S.C. § 1391, because the conduct, acts and/or omissions upon which this cause of action is based occurred in Madison County, Mississippi, which is completely within the jurisdiction of the United States District Court for the Southern District of Mississippi, Northern Division, and this case involves federal questions of law.

## STATEMENT OF FACTS

13.   On or about December 28, 2014, Plaintiff along with his associates Michael Smith and James Barlow had shopped in the Jackson area and were traveling back to Holly Bluff, Mississippi, where they were hunting at a deer camp.

14.   The driver, Mr. Smith, being unfamiliar with the area and road directions became lost and confused as to his directions back to Holly Bluff.  Due to

the confusion, they stopped on a road outside of Cameron Plantation, LLC to use their cell phone for directions.

15. They turned the vehicle around and an unmarked truck, which was parked on side of the road, began following behind them and then used blue lights to stop them for unknown reasons.

16. Mr. Smith pulled his truck over and an unidentified individual came up to the vehicle.

17. The unknown person identified himself as a reserved deputy sheriff of Madison County, Mississippi.

18. He first ordered both Smith and Barlow out of the vehicle and searched the front under the seats.

19. He then instructed, Mr. Humphries, who was in the back seat to exit the vehicle.

20. Mr. Humphries moved a cooler from between his legs and upon his exit the reserved deputy pointed a gun at him for unknown reasons.

21. The unknown officer placed all three men at the back of the vehicle in handcuffs while it was pouring rain.

22. At this time, he identified himself as a reserve deputy sheriff who was an employee, representative and/or agent of Cameron Plantation, LLC.

23. Along with being a law enforcement officer, he stated that he worked for Cameron Plantation LLC as a second job to prevent people from hunting on the plantation.

24.   Furthermore, he then contacted Officer Greg Walters, a Mississippi Game Warden, to come and arrest all of them.

25.   Approximately one hour later Office Walters arrived and ticketed Mr. Humphries and the others with hunting on a public road.

26.   The officer arrested him for this misdemeanor without actually seeing him hunt from the road, in violation of law.

27.   Officer Walters also took Plaintiff's two firearms from him, being a Remington thirty aught six (30.06) rifle serial number G6693440 and a Heritage twenty-two (.22) magnum pistol serial number 185730.

28.   A Madison County transport officer then arrived to transport all three men to the Madison County Jail.  Mr. Humphries was placed in the transport vehicle without benefit of being buckled or strapped in with his hands cuffed behind him.

29.   The transport officer traveled down Virlilia Road, which the posted speed limit is 35 miles per hour, in excess of over 60 miles per hour without reason since no emergency existed.

30.   The transport vehicle hit what seem to be a hill on this road in which caused Mr. Humphries' head to hit the top of the roof hard enough to cause lose consciousness.  His head and neck were in immediate pain due to this motor vehicle accident.

31.   Upon arrival at the jail, Mr. Humphries bonded out was given a ticket and court date.

32. On June 10, 2015, the Madison County Justice Court remanded the ticket. Mr. Humphries inquired about his firearms, however, they have not been returned to him at this present time due to another person in the vehicle was a convicted felon.

33. Due to this incident, Mr. Humphries began having numbness in his upper arms requiring medical attention for his neck, back and arms.

34. Mr. Humphries has seen a chiropractor, neurologist, and pain management doctors.

35. An MRI performed on him revealed a two disk herniation at C5-6 and C6-7. He has been given shots and now requires surgery.

36. From this incident, he has much pain and suffering, mental anguish, permanent bodily injuries and medical bills.

37. As a result of the intentional, reckless, malicious, and wanton disregard and gross misconduct and negligence for the Plaintiff's rights, Mr. Humphries was permanently injured and harmed.

38. In the alternative, if Defendant, Madison County Sheriff's Department is found to have immunity in these actions, then Plaintiff should be made whole by Defendant, Omni Indemnity Company, his uninsured/under insured motorist coverage.

39. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Amended Complaint the same as though specifically set out herein again.

## COUNT I
## RESPONDANT SUPERIOR

**40.**     Defendants are liable to Plaintiff for the tortious acts committed by its

employees, representative and/or agent during the course and scope of

their employment and/or agency for acts as a result of his tort that

occurred on December 28, 2014.

## COUNT II
## RECKLESS DISREGARD

**41.**     On December 28, 2014, Plaintiff was negligently, intentionally, and/or

with reckless disregard exposed and subjected to false accusations and

allegations arising to a level of absolute unreasonableness.  Defendants

owed Plaintiff a duty to act in a reasonable manner under the

circumstances and provide him with the same degree of care and

reasonableness as any invitee under the same set of facts is entitled

regardless of race or gender.

**42.**     Defendants unequivocally departed from the requisite duty of care when

the Defendants' employees, agents and/or representatives continuously

conjured up new and additional accusations during an unlawful

confinement and detention against Plaintiff's will which lasted several

hours.

**43.**     As a result of the aforementioned conduct, Plaintiff has sustained past,

present and future emotional distress and mental anguish, physical bodily injury, surgical intervention, shock, inconvenience, humiliation, shame, fear and embarrassment, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of the esteem and respect from the community, and injury to reputation and professional standing, financial loss, and such other damages as may be shown at trial.

---

## COUNT III
## FALSE IMPRISONMENT

---

**44.**   On December 28, 2014, Plaintiff was unlawfully detained for an inordinate amount of time when he was falsely accused of hunting.  This conduct was negligent, intentional, malicious, and/or with reckless disregard and/or grossly negligent and was carried out in such a way as to impose complete and actual confinement and/or retention upon the Plaintiff.

**45.**   Due to the extent, duration, and number of employees involved in the detainment, Plaintiff had reasonable grounds to believe that Defendants would resort to force if Plaintiff attempted to assert his right to freedom.

**46.**   As a result of the intentional, wanton, malicious, and outrageous acts of Defendants, Plaintiff has sustained past, present and future emotional distress and mental anguish, physical bodily injury, surgical intervention, shock, inconvenience, humiliation, shame, fear and embarrassment, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of the esteem and respect from the community, and injury to reputation and

professional standing, financial loss, and such other damages as may be shown at trial.

## COUNT IV
## MALICIOUS PROSECUTION

47.   Further, the actions of the Defendants caused the Plaintiff to be wrongfully prosecuted in the Justice Court of Madison County, Mississippi, at the instance of the Defendants with malice and without probable cause for violations state law, when in fact, said prosecution was without probable cause or any cause whatsoever as there was no violation of any law, and said prosecution ended in favor of the Plaintiff, and the Plaintiff has sustained past, present and future emotional distress and mental anguish, physical bodily injury, surgical intervention, shock, inconvenience, humiliation, shame, fear and embarrassment, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of the esteem and respect from the community, and injury to reputation and professional standing, financial loss, and such other damages as may be shown at trial.

## COUNT V
## DEFAMATION

48.   Plaintiff further asserts his right to recovery for defamation based upon the false and defamatory statements published to multiple individuals

during the escapade put on by Defendants on December 28, 2014, which include but are not limited to the community in general.

49. Further, this was published over the "scanner" which was to be reasonably expected by Defendants, who had reported a crime to the police and who filed a complaint against the Plaintiff.

50. Furthermore, the acts of the Defendants' through its employees, agent and/or representative, acting by and through his police authority, amount to at least negligence if not gross negligence, intentional and reckless behavior.

51. Plaintiff contends that Defendants' behavior was initiated to injure his reputation and expose him to ridicule and embarrassment by his peers and the community in general.

52. As a result of the intentional, wanton, malicious, and outrageous acts of Defendants, Plaintiff has sustained past, present and future emotional distress and mental anguish, physical bodily injury, surgical intervention, shock, inconvenience, humiliation, shame, fear and embarrassment, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of the esteem and respect from the community, and injury to reputation and professional standing, financial loss, and such other damages as may be shown at trial.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53.     Plaintiff further asserts his right to recovery for intentional infliction of emotional distress as evidenced by the extreme and outrageous behavior of Defendants which go beyond all possible bounds of decency and should be regarded as atrocious, and utterly intolerable in a civilized community. Defendants' behavior was initiated to elicit and impose severe emotional distress upon Plaintiff.

54.     As a result of the intentional, wanton, malicious, and outrageous acts of Defendants, Plaintiff has sustained past, present and future emotional distress and mental anguish, physical bodily injury, surgical intervention, shock, inconvenience, humiliation, shame, fear and embarrassment, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of the esteem and respect from the community, and injury to reputation and professional standing, financial loss, and such other damages as may be shown at trial.

## COUNT VII
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

55.     Plaintiff further asserts his right to recovery for negligent infliction of emotional distress proximately resulting from negligence exhibited by the behavior of Defendants in their desire to compound accusation after

accusation.  Defendants' behavior was initiated to elicit and impose severe

severe emotional distress and physical injury upon Plaintiff and such an

injury was reasonably foreseeable under the circumstances.

56.    As a result of the intentional, wanton, malicious, and outrageous acts of

Defendants, Plaintiff has sustained past, present and future emotional

distress and mental anguish, physical bodily injury, surgical intervention,

shock, inconvenience, humiliation, shame, fear and embarrassment, loss

of enjoyment of life, loss of self-esteem, loss of his good name, loss of

the esteem and respect from the community, and injury to reputation and

professional standing, financial loss, and such other damages as may be

shown at trial.

## COUNT VIII
## FAILURE TO ADEQUATELY TRAIN EMPLOYEES

57.    Plaintiff further asserts his right to recovery as a result of Defendants

failure to adequately train and instruct its employee(s) regarding proper

policy and procedure to stopping, detaining and arresting persons.

58.    As a result of the intentional, wanton, malicious, and outrageous acts of

Defendants, Plaintiff has sustained past, present and future emotional

distress and mental anguish, physical bodily injury, surgical intervention,

shock, inconvenience, humiliation, shame, fear and embarrassment, loss

of enjoyment of life, loss of self-esteem, loss of his good name, loss of

the esteem and respect from the community, and injury to reputation and

professional standing, financial loss, and such other damages as may be shown at trial.

## COUNT IX
## OUTRAGE AND OUTRAGEOUS CONDUCT

59.   Plaintiff further asserts his right to recovery as a result of Defendants behavior which amount to outrage and/or outrageous conduct. Defendants, by engaging in the manner described previously, acted in such a way that would shock the conscience of any reasonable person.

60.   As a result of the intentional, wanton, malicious, and outrageous acts of Defendants, Plaintiff has sustained past, present and future emotional distress and mental anguish, physical bodily injury, surgical intervention, shock, inconvenience, humiliation, shame, fear and embarrassment, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of the esteem and respect from the community, and injury to reputation and professional standing, financial loss, and such other damages as may be shown at trial.

## COUNT X
## UNREASONABLE SEIZURE

61.   Defendants intentionally engaged in extreme and outrageous behavior against the Plaintiff, including, but not limited to, employing unlawful investigative tactics, unlawful search and seizure, taking of his fire arms

and psychological manipulation, all knowing that there was no probable cause for the allegations against Plaintiff.

62.   Defendants acted, contrary to law, to intentionally and unreasonably deprive Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the State of Mississippi, including Plaintiff right to be free from unreasonable search and seizure and equal protection of the law, by causing Plaintiff to be arrested without probable cause, causing criminal proceedings to be initiated and continued against Plaintiff without probable cause to believe that he committed a crime, and by providing false testimony against him.

63.   Defendants are liable for this intentional infliction of emotional distress of Plaintiff, because said intentional infliction of emotion distress was proximately caused by their actions as set forth above.

64.   As a direct and proximate result of the Defendant's actions, the Plaintiff has sustained past, present and future emotional distress and mental anguish, physical bodily injury, surgical intervention, shock, inconvenience, humiliation, shame, fear and embarrassment, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of the esteem and respect from the community, and injury to reputation and professional standing, financial loss, and such other damages as may be shown at trial.

---

**COUNT XI**

## ABUSE OF PROCESS

65.    Defendants individually and/or jointly and in conspiracy, initiated and/or continued a malicious prosecution against Plaintiff, all without probable cause. Defendants were each instrumental in the initiation and perpetuation of the prosecution of the Plaintiff.

66.    Defendants acted with malice. Defendants maliciously misused or misapplied the legal process in order to obtain a result against the Plaintiff that was not lawfully warranted or properly obtained.

67.    Defendants acted, contrary to law, to intentionally and unreasonably deprive Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the State of Mississippi, including:

   a.    Plaintiff's, right to be free from malicious prosecution by causing criminal proceedings to be initiated and continued against Plaintiff without probable cause to believe that he committed a crime, and by providing false testimony against him; and

   b.    Plaintiff's right not to be deprived of liberty without due process of law, as guaranteed by the Mississippi Constitution.

68.    Defendants knew or should have known that the criminal prosecution of the Plaintiff was groundless, but Defendants sought to use the legal process for the purpose of prosecuting Plaintiff for an offense that was not lawfully warranted or properly obtainable against Plaintiff and are liable for the abuse of process of Plaintiff because said prosecutions were

proximately caused by their unlawful actions as set forth above. The

criminal abuse of process alleged by the Plaintiff includes the seizure,

arrest and initiation of the prosecution against the Plaintiff on or about

December 28, 2014. In engaging in the conduct described hereinabove,

the Defendants acted maliciously, willfully and with specific intent to

injure Plaintiff.

69.   The criminal prosecution of Plaintiff was terminated in his favor on or

about June 10, 2015, and all charges were remanded to the file.

70.   The Defendants knew or should have known that the criminal prosecution

that was initiated and continued by them against the Plaintiff was

groundless, but they sought to use the legal process for an unlawful and

improper purpose.

71.   The Defendants knew or should have known that the continued

prosecution was unjustified.  These actions directly and proximately

caused the injuries and damages to Plaintiff as claimed above, and

constitute the tort of abuse of process under Mississippi law.

72.   As a proximate result of the foregoing, Defendants deprived the Plaintiff

of his rights and privileges as a citizen of the United States, and

Defendants caused the Plaintiff to sustained past, present and future

emotional distress and mental anguish, physical bodily injury, surgical

intervention, shock, inconvenience, humiliation, shame, fear and

embarrassment, loss of enjoyment of life, loss of self-esteem, loss of his

good name, loss of the esteem and respect from the community, and injury to reputation and professional standing, financial loss, and such other damages as may be shown at trial.

---

## COUNT XII
## 42 U.S.C. § 1983 AND 1988

---

73.   Most of the Defendants, acting in concert to include unidentified John Does 1-10, acted under color of law but contrary to law, and intentionally and unreasonably deprived the Plaintiff of rights, privileges, and immunities secured by the Constitution, laws of the United States, and 42 U.S.C. § 1983 and 1988, including, Plaintiff's right not to be deprived of liberty without due process of law, as guaranteed by Fourth and Fourteenth Amendments of the United States Constitution.

74.   At all times material hereto, the many of the Defendants were vested with the state authority and the non-delegable responsibility and duty of adhering to, complying with, and enforcing the laws of the United States of America and the State of Mississippi.  Consequently, while acting under color of state law, the Defendants implemented policies, customs, usage, or practices wherein the rights, privileges, or immunities of the Plaintiff were violated.

75.   The Defendants, joint and severally, engaged in a course of conduct that resulted in the violation of Plaintiff's right to the equal protection of the law of the United States of America, pursuant to the Fourteenth

Amendment of the Constitution of the United States of America, and

corresponding provisions of the Constitution of the State of Mississippi;

the right to procedural and substantive due process of the law pursuant to

the Fourth and Fourteenth Amendments to the Constitution of the United

States of America, and corresponding provisions of the Constitution of the

State of Mississippi; the right be free from unreasonable seizure as

guaranteed by the Fourth and Fourteenth Amendments of the

Constitution of the United States of America, and corresponding provisions

of the Constitution of the State of Mississippi; and the right against cruel

and unusual punishment as secured by the Fourteenth Amendment to the

Constitution of the United States of America.

76.    The violations complained of in this Complaint include, but are not limited

to, the use of excessive force, torture, deprivation of civil rights, the

unnecessary and wanton infliction of pain resulting in a deprivation that

was sufficiently serious wherein the Defendants acts, maliciously and

sadistically by using force and physical violence were designed and

intended by the Defendants to cause the Plaintiff physical, mental and

emotional harm, and pain, humiliation and/or injury.

77.    As a direct and proximate consequence of the Defendants' actions, the

Plaintiff was deprived of certain rights, privileges and immunities secured

by the Constitution of the United States of America and the laws of the

United States of America and the State of Mississippi, as stated above.

78. At all times material hereto, the Defendants to include unidentified John Does 1-10, acted pursuant to the policies, customs, regulations, and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent officially policy of or were pursuant to a governmental custom, usage or practice of all Defendants.

79. It is further averred that Defendants, in their official capacities, were governmental officials whose acts may fairly be said to represent official policy, practices, customs, usage, or regulations of the Defendants.  The aforementioned Defendants collectively and individually developed, planned, and/or implemented customs and/or practices that resulted in and caused the violations of the constitutional and civil rights of Plaintiff.

80. As a direct and proximate consequence of the Defendants' conduct wherein such Defendants deprived the Plaintiff of certain rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Mississippi, the Plaintiff suffered injuries to his person resulting from the deprivation of his constitutional rights, privileges, and immunities, and ultimately resulting in his injuries for which he experienced pain and suffering, humiliation, mental and physical distress, and severe emotional anguish.

81. Plaintiff requests judgment against all Defendants, for compensatory and punitive damages in whatever amount the jury may determine, plus costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988 or any other

statute or common law.

---

## COUNT XIII
## 42 U.S.C. § 1983 AND 1988 DEPRIVATION OF CIVIL RIGHTS

---

82. All Defendants and unidentified John Does 1-10 acted under the color of law.

83. Defendants' conduct under the code of law violated Plaintiff's right to be free from unreasonable seizure, right to due process of law, right to equal protection of the law, and the violation of the prohibition on cruel and inhuman punishment as secured by the Fourth and Fourteenth Amendments of the Constitution of the United States.

84. Prior to the events described herein, the Defendants developed and maintained customs and practices exhibiting deliberate indifference to violations of the constitutional and civil rights of citizens and detainees of Madison County.

85. Defendants entered into an agreement and combined among themselves and/or with others to engage in unlawful conduct, i.e. depriving Plaintiff of rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution as well as corresponding provisions of the Constitution of the State of Mississippi.

86. The Defendants demonstrated deliberate indifference to the constitutional rights of citizens and detainees of the Defendants, and were the cause of the violations of Plaintiff's rights under the Fourth and Fourteenth

Amendments to the United States of Constitution.

87.    During the events alleged in the Complaint, Defendants and unidentified John Does 1-10, acted in concert, within the scope of their employment and under color of law, and deprived Plaintiff of his rights under the U.S. Constitutional and Federal Statutes.

88.    Defendants violated 42 U.S.C. § 1983; Defendants' conduct operated to deprive Plaintiff of his rights guaranteed by the United States Constitution and Federal Statutes.

89.    Plaintiff exercised his rights under the Fourth and Fourteenth Amendments of the United States Constitution and under the laws and Constitution of the State of Mississippi.

90.    As a result of the Defendants' violations of Plaintiff's constitutional rights, Plaintiff suffered substantial injuries and damages.

91.    As a direct a proximate result of the foregoing, Defendants deprived Plaintiff of his rights and privileges as a citizen of the United States, and Defendants caused the Plaintiff to sustain past, present and future emotional distress and mental anguish, physical bodily injury, surgical intervention, shock, inconvenience, humiliation, shame, fear and embarrassment, loss of enjoyment of life, loss of self-esteem, loss of his good name, loss of the esteem and respect from the community, and injury to reputation and professional standing, financial loss, and such other damages as may be shown at trial.

**COUNT XIV**
**42 U.S.C. § 1983 AND 1988**
**VIOLATIONS OF FOURTH AND FOURTEENTH AMENDMENTS**

92.    This cause arises under the Fourth and Fourteenth Amendments of the

United States Constitution.

93.    Plaintiff's Constitutional rights that Defendants violated include the

following:

a.    Plaintiff's right to be free from unreasonable seizure

pursuant to the Fourth and Fourteenth Amendments;

b.    Plaintiff's right to due process of law protected by the Fourth

and Fourteenth Amendment; and,

c.    Plaintiff's right to the equal protection of the laws of the

United States of America, pursuant to the Fourteenth

Amendment.

94.    Defendants to include the unidentified John Does 1-10, was undertaken

under color of law and operated to deprive Plaintiff of rights guaranteed

by the United States Constitution as well as corresponding provisions of

the Constitution of the State of Mississippi.

95.    As a direct and proximate result of the foregoing, Defendants deprived

Plaintiff of his rights and privileges as a citizen of the United States, and

Defendants caused the Plaintiff to suffer significant indignities, and to

sustain shock and injury to his nervous system and person, and suffer

physical, mental and emotional injuries, all of which has caused the general damages requested by Plaintiff in a sum which will be proven at trial.

---

**COUNT XV**
**FOURTEENTH AMENDMENT**

---

96.   The Fourteenth Amendment to the United States Constitution operates legally to make the Eight Amendment prohibition against cruel and unusual punishments applicable to pretrial detainees such as the Plaintiff and others similarly situated.  Thus, the United States Constitution, the Mississippi Constitution, the Statutes and law of the State of Mississippi, and the policies and procedures of the Defendants, imposes certain duties on prison officials to provide humane conditions of confinement and to take reasonable steps to guarantee the safety of pretrial detainees.  At all times herein mentioned, the Defendants were legally obligated to safely detain and to protect the welfare and safety of all prisoners and detainees, including the Plaintiff.

97.   The Defendants and/or their agents, servants and employees, knowingly and willfully failed to provide for the safety and necessities of life of the Plaintiff, a pretrial detainee, thereby depriving Plaintiff of his civil rights and other rights secured by the Constitution and laws of the United States of America as well as the Constitution and laws of the State of Mississippi.  This deprivation of Plaintiff's rights includes the Defendants' failure to

provide adequate supervision, security, and the necessities of life, including water, and/or providing improper training and management of Defendants' agents, servants and employees.  The Defendants knew of or or should have known that their actions caused an excessive risk to the Plaintiff's health, safety, and well-being.

98.   The Defendants' actions demonstrated deliberate and callous indifference to the Plaintiff's constitutional and civil rights.  Further, the Defendants' deprivation of the necessities of life and safety of the Plaintiff constituted a course of action that was clearly a violation of the Plaintiff's constitutional and civil rights and demonstrated a willful and deliberate refusal to provide for the safety and welfare of the Plaintiff and other similarly situated.

99.   As a direct and proximate result of the foregoing, Defendants deprived Plaintiff of his rights and privileges as a citizen of the United States, and Defendants, by and through their actions and/or inactions intentionally or through their own negligence, failed to expose, prevent or otherwise thwart the conspiracy to deprive the Plaintiff and other persons similarly situated, of equal protections of the laws of this Nation and State notwithstanding the fact that they possessed the authority, power, and ability to halt, annul, void, expose, intervene in or stop the violations before they occurred.  Consequently, these Defendants caused the Plaintiff to suffer significant indignities, pain and suffering, and to sustain

shock and injury to his nervous system and person, and suffer physical,

mental and emotional injuries, all of which has caused the general

damages requested by Plaintiff in a sum which will be proven at trial.

## COUNT XVI
## NEGLIGENCE/RECKLESS DISREGARD

**100.**   That the Defendants agents, at said time, date and place of said

transport, in concert with other Defendants, was guilty of negligent

and/or grossly negligent acts and/or reckless disregard for rights of the

Plaintiff and/or omissions which were the direct and/or proximate cause

and/or result of the said accident and injury, resulting in injuries and

damages to the Plaintiff, in one or more of the following ways, to-wit:

**a.**   Failure to keep Defendant's vehicle under safe, reasonable and
proper control,

**b.**   Failure to travel down the said county road at a safe distance with
proper restraint, and,

**c.**   Failure to do all other reasonable acts necessary to prevent said
accident from occurring,

**d.**   Failure to maintain a proper look out ahead in the direction in
which he was driving in regards with unrestrained passage in the
vehicle,

**e.**   Failure to do all other reasonable acts necessary to prevent said
accident from occurring,

    **f.**    Failure to properly use restraint devices such as seat beats to assistance Plaintiff in cases of accident, and;

    **g.**    By other acts and omissions to be revealed during the course and scope of discovery of this civil action and to be shown at the trial of this cause.

**101.** That by reason of and as a direct and proximate cause and/or result of the aforesaid negligence of the said Defendants, in concert with each other, the said vehicle in which Plaintiff was an unrestrained passenger whose head was struck with such great force and impact that it caused, Plaintiff severe and permanent injuries to his body and physical and mental stress, worry and anxiety.

**102.** Also, that by reason of and as a direct and proximate cause and/or result of the aforesaid negligence of said Defendants, Plaintiff sustained, without limitation, severe, temporary and permanent physical injury, severe injuries to his head, neck, back, right knee, nervous system and other parts of his body; he also suffered headaches, back pain, physical and mental stress, and past, present and future physical, emotional and mental pain, anguish and suffering, and, these injuries are both temporary and permanent in nature, all of which he is entitled to recover for.

**103.** That as a further direct and proximate cause and/or result of said accident, Plaintiff was injured to such an extent that it was necessary for

him to incur and he will incur in the future, doctor bills, hospital bills, physical therapy bills, prescription drug bills, and other incidental bills and expenses associated to his said injuries, all of which, he is entitled to recover for.

104. That the actions and/or omissions complained of herein were committed by the Defendants were of gross negligence indicative of a wanton and willful disregard of the rights and safety of others, and especially the Plaintiff herein, and said actions and/or omissions were committed with such gross negligence and recklessness as to evince utter indifference to the Plaintiff, as a direct and proximate cause and result thereof.

105. Defendants, Madison County, Madison County Sheriff's Department, Sheriff Randall Tucker, officially and in his individual capacity, and Officer Greg Walters are found to have immunity, and does not make Plaintiff whole and then Plaintiff should be made whole by virtue of Defendant, Omni Indemnity Company, underinsured/uninsured motorist policy.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff brings this action and demands judgment against the Defendants for compensatory damages and punitive damages as a result of the actual malice and gross negligence evidencing a willful, wanton, and reckless disregard for Plaintiff and for negligence on the part of all Defendants; post judgment interest and for all costs of this action, including attorney's fees, in an amount to be determined by a trier of fact, to the extent allowed by law, and any other relief the Court deems just

and appropriate.

RESPECTFULLY SUBMITTED

**George W. Humphries IV**

By:   /s/ DANIEL D. WARE_____
         Daniel D. Ware, Attorney for Plaintiff
         WARE LAW FIRM, PLLC
         2609 US Highway 49 South
         Florence, Mississippi 39073
         Telephone: (601) 845-9273
         Facsimile: (601) 845-0749
         MSB#10,847
         dware@warelawfirm.com

---

## CERTIFICATE OF SERVICE

---

I, the undersigned Daniel D. Ware, Ware Law Firm, PLLC, attorney for the Plaintiff herein, do hereby certify that I have electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

J. Chadwick Williams       cwilliams@aabalegal.com
Rebecca B. Cowan       bcowan@curriejohnson.com
Sharkey Burke, Jr       sburke@acblaw.com
Wade G. Manor       wmanor@sssf-ms.com
William Robert Allen       wallen@aabalegal.com

THIS, the 18th day of May, 2016.

/s/  Daniel D. Ware_____