UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


GEORGE W. HUMPHRIES                                    PLAINTIFF


VS.                              CIVIL ACTION NO. 3:16CV208TSL-RHW


MADISON COUNTY, SHERIFF RANDALL TUCKER,
OFFICIALLY AND IN HIS INDIVIDUAL CAPACITY,
OMNI INDEMNITY COMPANY AND JOHN DOES 1-10       DEFENDANTS


<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff George W. Humphries has moved for summary judgment
as to liability against defendants Madison County and Madison
County Sheriff Randall Tucker pursuant to Rule 56 of the Federal
Rules of Civil Procedure, and defendants Madison County and
Sheriff Tucker have likewise moved for summary judgment.  These
motions have been fully briefed and the court, having considered
the memoranda of authorities, together with attachments, submitted
by the parties, concludes that plaintiff has failed to state a
cognizable federal claim against defendants and that plaintiff's
state law claims should be remanded to the Circuit Court of
Madison County, Mississippi, from which this case was removed.

This case arises from a December 28, 2014 incident in which
plaintiff and two others were arrested in Madison County,
Mississippi for unlawfully hunting from a public road in violation
of Mississippi Code Annotated § 97-15-13(1)(b).  According to
plaintiff's allegations, on that date, he and two companions were

traveling through rural Madison County on their way from Jackson, Mississippi, to their hunting camp in Holly Bluff, Mississippi, when they pulled onto Cloud Road and stopped on the side of the road to use the bathroom.  After relieving themselves, they got back in the vehicle and started to drive off when Robert Sanders, a reserve deputy with the Madison County Sheriff's Department, approached them from the opposite direction in an unmarked vehicle.  Sanders drove past them, then made a U-turn and activated his blue lights to pull them over.

Sanders ordered the occupants, including plaintiff, out of the vehicle.  Then Sanders, who observed open beer cans in the vehicle and a rifle and ammunition on the backseat, requested MDWFP Officer Greg Walters to come to the scene.  Upon his arrival, Walters observed the weapon and ammunition and spoke with Sanders, who reported that the men had been stopped for a period of time in the middle of the road, that he stopped them to see what they were doing and that they had a loaded gun in the car. The officers ran a NCIC check and discovered that two of the men, Smith and Barlow, had felony criminal convictions.  They also learned that criminal charges were pending against plaintiff, though at the time they were unable to ascertain the status of those charges.  Walters arrested the three men for illegally hunting from a public road.  As he did not have a suitable vehicle

2

on scene, Walters asked Madison County Deputy Sheriff Kyrie Lucas to transport the three men to Madison County Detention Center. Plaintiff asserts he was placed in the back of Lucas's vehicle with his hands cuffed behind his back, seated on top of the folded-down rear seats, with no seatbelt.  He claims he suffered a severe neck injury during the transport when Lucas, while speeding, hit bad spots in the road, causing plaintiff's head to slam against the roof.

Once at the jail, the men were booked in to the MCDC around 8:00 p.m.  Plaintiff was released the following afternoon. Thereafter, plaintiff appeared in court on the charge of hunting from a public road.  When Sanders failed to appear and testify, the charge against plaintiff was remanded to the file.

Plaintiff's Complaint

Based on these allegations, plaintiff filed suit in the Circuit Court of Madison County against Madison County, the Madison County Sheriff's Department, Mississippi Department of Wildlife Fisheries and Parks (MDWFP), and Omni Indemnity Company, plaintiff's uninsured motorist carrier.  Defendants removed the case to this court based on federal question jurisdiction under 28 U.S.C. § 1331, following which plaintiff filed an amended complaint adding as defendants Madison County Sheriff Randall Tucker and MDWFP Officer Greg Walker.  The court has since

3

dismissed the Sheriff's Department and MDWFP and plaintiff has himself voluntarily dismissed Walker.[1]

In his amended complaint, plaintiff has asserted claims under 42 U.S.C. § 1983 for alleged violation of his rights to due process and equal protection under the Fourteenth Amendment and his Fourth Amendment right to be free from unreasonable seizure, and has asserted a variety of state law claims.  Madison County and Sheriff Tucker have filed a summary judgment motion, seeking dismissal of all plaintiff's claims on various grounds.  Plaintiff has filed his own motion for summary judgment as to liability for all his state law claims and as to the alleged violation of his Fourth Amendment right to be free from unreasonable seizure.

Subject Matter Jurisdiction

A serious question is presented as to whether the court has subject matter jurisdiction over this case.  Plaintiff's original complaint, filed in state court, did not purport to plead any claim under § 1983.  In his state court complaint, plaintiff pled twelve causes of action, each based explicitly on state law, as follows:  Count I - Respondeat Superior; County II - Reckless Disregard; Count III - False Imprisonment; County IV - Malicious Prosecution; Count V - Defamation; County VI - Intentional Infliction of Emotional Distress; County VII - Negligent

---

[1]     Plaintiff did not sue Robert Sanders or Kyrie Lucas.

Infliction of Emotional Distress; Count VIII - Failure to
Adequately Train Employees; Count IX - Outrage and Outrageous
Conduct; Count X - Unreasonable Seizure; Count XI - Abuse of
Process; and Count XII - Negligence/Reckless Disregard.  That
original complaint was replete with references to defendants'
alleged violation of plaintiff's rights under the Constitution and
laws of the State of Mississippi.  However, there was no specific
allegation that defendants violated his rights under federal law.
Nevertheless, defendants removed the case, citing federal question
jurisdiction under § 1331, based on a single reference by
plaintiff to the deprivation of his rights and privileges "as a
citizen of the United States."  This language appeared in
plaintiff's abuse of process count, in which he expressly alleged
that defendants initiated and prosecuted him without probable
cause and thereby intentionally deprived him "of his rights,
privileges and immunities secured by the Constitution and laws of
the State of Mississippi," and in which he further recited that
defendants' actions "constitute[d] the tort of abuse of process
under Mississippi law."

It seems highly doubtful that plaintiff originally intended
or attempted to assert any federal claim for relief.  The
reference to his "rights and privileges as a citizen of the United
States," particularly as it appeared in his explicitly state-law-

based count for abuse of process, was likely in error, or mere surplusage.  Had the court been more vigilant or had plaintiff requested remand, the case no doubt would have been promptly remanded.  Yet following removal, plaintiff, rather than seeking to remand, filed an unopposed motion to amend to "clarif[y] all causes of action filed in the original complaint to include all claims under 42 U.S.C. § 1983 and violations of both the United States and Mississippi Constitutions."  What his amended complaint actually did, however, was not *clarify* but rather *add* three new counts under § 1983 for violation of his rights under the United States Constitution.

"[T]he law is clear that post-removal amendments ... cannot create jurisdiction where none exists." <u>Piacun v. Swift Energy Operating, LLC</u>, No. CIV. A 09-7233, 2010 WL 989183, at *3 (E.D. La. Mar. 15, 2010) (citations omitted).  <u>See Camsoft Data Sys., Inc. v. S. Elecs. Supply, Inc.</u>, 756 F.3d 327, 337 (5th Cir. 2014) ("We do not generally recognize post-filing or post-removal amendment as cure for jurisdictional defect."); <u>Arena v. Graybar Elec. Co., Inc.</u>, 669 F.3d 214, 218 (5th Cir. 2012) ("Although 28 U.S.C. § 1653 and [Rule] 15(a) allow amendments to cure defective jurisdictional allegations, these rules do not permit the creation of jurisdiction when none existed at the time the original

complaint was filed" or removed).[2]   Under the circumstances, this case *sans* plaintiff's post-removal § 1983 claim, is due to be remanded for lack of subject matter jurisdiction.

Section 1983

Alternatively, even if the court does have subject matter jurisdiction, the court finds the case should be remanded as plaintiff has failed to state a viable § 1983 claim and the court declines to exercise supplemental jurisdiction over his state law claims.   Sheriff Tucker has moved for summary judgment on plaintiff's § 1983 claims against him in his individual capacity on the basis that he had no personal involvement in any of the events that are the subject of plaintiff's complaint.   See Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987) (to hold an individual liable in his individual capacity, the plaintiff must show "either (1) his personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."). Plaintiff does not dispute this, and he has expressly consented to dismissal of this claim.   Madison County and Sheriff Tucker in his

---

[2]   The Fifth Circuit has recognized an exception to this rule for cases that have been tried on the merits.   See Camsoft Data Sys., Inc. v. S. Elecs. Supply, Inc., 756 F.3d 327, 337 (5th Cir. 2014).   This is not such a case.

official capacity have moved for summary judgment[3] on the basis
that plaintiff has failed to identify any policy of Madison County
that caused his alleged constitutional injury.  They are obviously
correct about this.

Local governments such as Madison County cannot be held
liable under § 1983 on a theory of *respondeat superior*.  Pineda v.
City of Houston, 291 F.3d 325, 328 (5th Cir. 2002).  Rather, they
can be held liable under § 1983 only for "their *own* illegal acts."
Connick v. Thompson, 563 U.S. 51, 60 (2011).  Thus, "[p]laintiffs
who seek to impose liability on local governments under § 1983
must prove that 'action pursuant to official municipal policy'
caused their injury."  Id. (quoting Monell v. New York City Dept.
of Social Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d
611 (1978)).  See James v. Harris Cty., 577 F.3d 612, 617 (5th
Cir. 2009) (to hold municipality liable under § 1983 for
misconduct of employees, plaintiff must show, in addition to a
constitutional violation, that official policy "was the moving
force behind, or actual cause of, the constitutional injury.").
"The official policy itself must be unconstitutional or, if not,
must have been adopted with deliberate indifference to the known

---

[3]     Plaintiff's official capacity claims against Sheriff
Tucker are treated as claims against Madison County.  See Kentucky
v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114
(1985) (explaining that official-capacity suits are treated as
suits against the governmental entity).

or obvious fact that such constitutional violations would result."
James, 577 F.3d at 617 (internal quotation marks and citation
omitted).  "Official municipal policy includes the decisions of a
government's lawmakers, the acts of its policymaking officials,
and practices so persistent and widespread as to practically have
the force of law."  Id. (citing Monell).

Although plaintiff recites in his amended complaint that he
was injured as the result of unconstitutional policies of Madison
County, he has failed to provide factual allegations regarding any
"official policy" which would potentially subject Madison County
or Sheriff Tucker, in his official capacity, to liability under 42
U.S.C. § 1983.  Instead, his allegations in this regard are
entirely conclusory.  He alleges:

> [T]he Defendants implemented policies, customs, usage,
> or practices wherein the rights, privileges, or
> immunities of the Plaintiff were violated.
> ...
> [T]he Defendants acted pursuant to the policies,
> customs, regulations, and decisions officially adopted
> or promulgated by those persons whose acts may fairly be
> said to represent official policy of or were pursuant to
> a governmental custom, usage or practice of all
> Defendants.
>
> It is further averred that Defendants, in their official
> capacities, were governmental officials whose acts may
> fairly be said to represent official policy, practices,
> customs, usage, or regulations of the Defendants.  The
> aforementioned Defendants collectively and individually
> developed, planned, and/or implemented customs and/or
> practices that resulted in and caused the violations of
> the constitutional and civil rights of Plaintiff.

There are no factual allegations as to what any alleged policy was
or what it involved.  Thus, plaintiff has not stated a cognizable
§ 1983 claim against Madison County or Sheriff Tucker in his
official capacity.  <u>See</u> <u>Beaulieu v. Lavigne</u>, 539 F. App'x 421, 425
(5th Cir. 2013) (holding that "'[t]he description of a policy or
custom and its relationship to the underlying constitutional
violation ... cannot be conclusory; it must contain specific
facts.'") (quoting <u>Spiller v. City of Texas City, Police Dept.</u>,
130 F.3d 162, 167 (5th Cir. 1997)); <u>Whitley v. Hanna</u>, 726 F.3d
631, 649 (5th Cir. 2013) (holding that complaint which "makes no
specific factual allegations of the county's policies and simply
adds the words 'policies, practices, and/or customs' to ...
perceived wrongs" is insufficient to state a claim for relief).

Like his amended complaint, plaintiff's response to
defendants' motion fails to identify any official policy.
Relative to Sanders' stop of the vehicle in which plaintiff was a
passenger, plaintiff vaguely asserts that "the policy adopted and
maintained is show [sic] by Defendant's attitude as evidence [sic]
in this motion for summary judgment."  This makes no sense.
Obviously, defendants' "attitude", as allegedly reflected in a
summary judgment motion, is not evidence of any official policy.
As to plaintiff's claims for "cruel and unusual punishment"
relating to injuries he allegedly received while being transported
to the jail, plaintiff actually declares that "Officer Kyrie Lucas

10

failed to follow policy and procedure in properly buckling Mr. Humphries in the back seat....”  Thus, even according to plaintiff, this alleged injury was not the result of an official policy but rather the result of Lucas's *violation* of an alleged official policy.

As it is readily apparent that plaintiff has not alleged (or come forward with proof of) a viable § 1983 claim, plaintiff's putative § 1983 claims against Madison County and Sheriff Tucker, in his official capacity, will be dismissed.  In light of the dismissal of these claims, the question arises whether this court should exercise supplemental jurisdiction over plaintiff's state law claims.[4]

---

[4]     The court notes that the Fifth Circuit has held that [f]or there to be [supplemental] jurisdiction, the removing party “must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction.”  But “if he does not do so, the court, ... on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment.”  “[I]t is not sufficient that jurisdiction may be inferred argumentatively from averments in the pleadings, but the averments should be positive.” Heinsohn v. Carabin & Shaw, P.C., 832 F.3d 224, 232 (5th Cir. 2016).  In their notice of removal, defendants did not assert supplemental jurisdiction as a basis for jurisdiction over the state law claims.  However, it is clear that if there is federal question jurisdiction over plaintiff's state court complaint, there is a basis for supplemental jurisdiction as plaintiff's state law claims arise from the same events that were the basis of his § 1983 claims.  See 28 U.S.C. § 1367(a) (“the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.”).  The

Pursuant to 28 U.S.C. § 1367, a district court may decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).  The court should also consider the relevant factors of judicial economy, convenience, fairness, and comity.  Smith v. Amedisys Inc., 298 F.3d 434, 446 (5th Cir. 2002)

The court has concluded that it must dismiss the only claims over which it might arguably have had subject matter jurisdiction. "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary," Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639, 129 S. Ct. 1862, 1866, 173 L. Ed. 2d 843 (2009), taking into account considerations of "judicial economy, convenience, fairness, and comity," Smith v. Amedisys Inc., 298 F.3d 434, 446 (5th Cir. 2002).  However, the

---

question is whether the court should exercise jurisdiction over these claims.  See Heinsohn, 832 F.3d at 232 (stating that "whether a court has subject-matter jurisdiction over a claim is distinct from whether a court chooses to exercise that jurisdiction.") (internal quotation marks and citation omitted).

Fifth Circuit has held that "[a]s a general rule, 'a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial....'" Alphonse v. Arch Bay Holdings, L.L.C., 618 F. App'x 765, 769 (5th Cir. 2015) (quoting Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc., 554 F.3d 595, 601-02 (5th Cir. 2009)).  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 n.7, 484 U.S. 343, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) (stating that "in the usual case in which all federal law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims").  As the Supreme Court held in United Mine Workers v. Gibbs,

> [P]endent jurisdiction lies in consideration of judicial economy, convenience and fairness to the litigants; if these are not present, a federal court should hesitate to exercise jurisdiction over state claims, even though they are bound to apply state law to them.  Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.  Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.

383 U.S. 715, 726, 86 S. Ct. 1130, 1139, 16 L. Ed. 2d 218 (1966). See also Parker & Parsley Petroleum Co., v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992) (quoting Gibbs).  The court thus declines to exercise supplemental jurisdiction over plaintiff's state law claims.

Based on all of the foregoing, the court finds that this case should be remanded to the Circuit Court of Madison County, Mississippi, from which it was removed.

SO ORDERED this 24th day of April, 2017.


                                        /s/ Tom S. Lee
                                        UNITED STATES DISTRICT JUDGE